IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LESLIE ANNE FOGARTY :
:
v. :
: Civil Action No. CCB-04-414
ALLSTATE INSURANCE CO. :

...o0o...

# MEMORANDUM

Leslie Fogarty has sued Allstate Insurance Company to collect underinsured motorist coverage. Pending before this court are three motions filed by Allstate: a motion to dismiss Fogarty's amended complaint, a motion to late file an opposition to the granting of leave for Fogarty to file a second amended complaint, and a motion to reconsider the granting of leave to amend. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, the motion to late file will be granted, the motion to reconsider will be granted in part and denied in part, and the motion to dismiss, reconstrued as a partial motion to dismiss the second amended complaint, will be granted.

# BACKGROUND

On February 18, 2001, Fogarty was injured when a car in which she was a passenger, driven and owned by Donna Baker, was negligently hit by a car driven by Jerry Hughes. Hughes was insured by Nationwide Insurance Company under a policy with maximum liability coverage of $50,000 per person. (Def.'s Response to Pl.'s Opp'n to Mot. to Dismiss ("Def.'s Reply"), ECF No. 67, Ex. G.)[1] Baker was insured by Allstate under a policy issued in Maryland ("the

---

[1] As discussed below, several of Allstate's arguments in opposition to Fogarty's motion for leave to file a second amended complaint turn on the purported futility of Fogarty's proposed amendments. An amendment is futile if it

1

Baker policy"), which covered four vehicles and included uninsured motorist and underinsured motorist ("UM/UIM") coverage up to $50,000 per person. (Def.'s Mot. to Dismiss, ECF No. 47, Ex. 2, 3.) Fogarty also carried an auto insurance policy with Allstate ("the Fogarty policy"), which covered a 1989 Chevrolet pick-up truck and a 1989 Saab. (Pl.'s Opp'n to Mot. to Dismiss, ECF No. 64, Ex. 1.) The Fogarty policy was issued in Kentucky and included UM/UIM coverage for both vehicles. (*Id.*) Fogarty paid separate premiums for the UM/UIM coverages on each vehicle. (*Id.*)

On February 13, 2003, Fogarty filed suit in the Circuit Court of Monogalia County, West Virginia against Jerry Hughes. (*See* Def.'s Reply, Ex. B.) Hughes apparently could not be found, and so process was reissued and served on Nationwide on or about June 18, 2003. (*Id.* Ex. C.) Fogarty apparently also claimed entitlement to payment on the underinsured motorist (UIM) provisions of either the Baker policy or the Fogarty policy or both, because the court issued a summons to Allstate as the pertinent "Underinsured Carrier." (*Id.* Ex. B.) Allstate filed two answers to the complaint, one on behalf of the Baker policy on June 26, 2003 (*id.* Ex. D) and one on behalf of the Fogarty Policy on June 27, 2003. (*Id.* Ex. G.) On behalf of the Baker policy, Allstate answered that Fogarty was not entitled to recover under the UIM provision of the policy, and raised other defenses as well. (*Id.* Ex. D.) On behalf of the Fogarty policy, Allstate

---

would fail to withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Thus, determining whether Fogarty's new claims are futile requires determining whether they would survive a Rule 12(b)(6) motion to dismiss. When a court considers a motion to dismiss, it may consider documents not attached to the complaint, without converting a motion to dismiss into one for summary judgment, "if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co*., 566 F.3d 150, 154 (4th Cir. 2009). Here, the plaintiff has relied on various documents in her amended and second amended complaints. Allstate has not challenged the authenticity of any of them, and indeed has been the party to submit most of them to the court. Similarly, Allstate has relied on various documents in its motion to dismiss and its opposition to Fogarty's motion for leave to amend, and Fogarty has not challenged the authenticity of those documents either. Accordingly, the court will consider the exhibits submitted by the parties in deciding the various motions.

answered that it was "without sufficient knowledge or information to form a belief as to the truth of [Fogarty's] allegations." (*Id.* Ex. E.)

In December 2003, Nationwide settled with Fogarty for $50,000, the maximum liability coverage under Hughes's policy. (*Id.* Ex. G.) On March 9, 2004, the West Virginia court granted a consent motion to dismiss Fogarty's claims against Hughes with prejudice. (*Id.*) The court retained the case on its docket to permit Fogarty's "prosecution of an uninsured motorist claim against Allstate Insurance Company." (*Id.*) On March 29, 2004, Fogarty amended her complaint in the West Virginia court to name Donna Baker as a defendant. (*Id.* Ex. C, F.)

Meanwhile, Allstate filed a motion for summary judgment on behalf of the Baker policy, which provided $50,000 in UIM coverage per person. (Def.'s Mot. to Dismiss, Ex. 2, 3.) The West Virginia court held a hearing on the motion on March 30, 2004, to which Allstate sent counsel to represent it on the Baker policy as well as separate counsel to represent it on the Fogarty policy. (*Id.* Ex. 2.) Fogarty had advised the court that she did not intend to be present for the hearing. (*Id.*) The court granted the motion on April 8, 2004, holding that "the applicable law to determine the validity of the plaintiff's underinsurance claims pursuant to Donna Baker's policy is the law of Maryland." (*Id.* Ex. 2.) It reached that conclusion because Baker was a resident of Maryland, the insurance contract was a Maryland policy, Baker applied for the policy in Maryland, and the vehicle covered by the policy was titled and registered in Maryland. (*Id.*) The fact that the accident occurred in West Virginia was insufficient for that state to have a "more significant relationship" with the case and thereby, under West Virginia's choice of law rules, displace Maryland law as the law applicable to the Baker policy. (*Id.*) Because under Maryland law a plaintiff may only recover UM/UIM coverage if he or she has recovered less than the maximum coverage under the applicable UM/UIM policy, and because Fogarty had

already recovered $50,000 from Hughes, the court held that Fogarty was not entitled to recover UIM coverage under the Baker policy. (*Id.*)

On February 17, 2004, Fogarty filed her complaint in this federal action, naming Donna Baker as the defendant. Baker filed a third-party complaint against Jerry Hughes on November 12, 2004, but consented to dismissal of the claim with prejudice on February 23, 2005. Baker moved to dismiss the complaint on April 25, 2005. On June 14, 2005, this court appointed Gary Siegel, Esq., to represent Fogarty in this action. On September 29, 2006, this court granted a motion by Fogarty to substitute the defendant, and granted leave to file an amended complaint. The amended complaint named Allstate as the sole defendant, and claimed that Fogarty was entitled to recover UIM benefits under the Baker policy. The court also granted Mr. Siegel's motion to withdraw as counsel, as he was retiring from the practice of law.

The West Virginia court held a pretrial conference on September 7, 2004. (*Id*. Ex. C.) At that conference, Allstate moved to stay proceedings pending the resolution of the federal action in this court. (*Id*.) On October 5, 2004, the West Virginia court entered an order granting the stay on the ground that "all liability claims, including Plaintiff's Civil Action in the District Court For the District of Maryland, must be fully and finally resolved before the Civil Action pending before this Court can proceed." (*Id.* Ex. J.) The court also declared that it would "retain jurisdiction of this Civil Action unless the Plaintiff, Leslie A. Fogarty, elects to request this Court to transfer jurisdiction and to request a consolidation of this Civil Action with the liability claims against Donna L. Baker pending in the District Court For the District of Maryland." (*Id.*)

Back in this court, Allstate filed a motion to dismiss on December 7, 2009. Allstate argued that because "the instant matter appears limited to claims based purely on the policy of

insurance issued to Donna Lynn Baker," which is governed by Maryland law, Fogarty is barred from recovering UIM benefits under the Baker policy because of her $50,000 recovery from Nationwide on behalf of Hughes. (Def.'s Mot. to Dismiss ¶4.) Allstate also argued that because the West Virginia court granted Allstate summary judgment on Fogarty's claim based on the Baker policy, this court is bound by principles of *res judicata* to dismiss Fogarty's claim. (*Id.* ¶5.) In light of Allstate's motion, this court appointed Peter Keith, Esq., and Brian Tucker, Esq., of Gallagher, Evelius & Jones LLP to represent Fogarty for the limited purpose of reviewing and responding as appropriate to the motion to dismiss. On December 15, 2010, Fogarty filed a response in opposition to Allstate's motion to dismiss.

On December 15, 2010, the same day she filed her opposition, Fogarty filed a motion for leave to file a second amended complaint. After the deadline passed for Allstate to respond to Fogarty's motion to amend, and with no opposition having been filed, the court granted Fogarty's motion by paperless order on January 7, 2011, and entered Fogarty's second amended complaint (SAC). The second amended complaint, other than adding certain factual allegations, also added two claims: a claim that Allstate breached the UIM provisions of Fogarty's own policy with Allstate, and a claim that Allstate is liable for insurance bad faith because it "failed to exercise good faith and due care with respect to Plaintiff's claims." (SAC ¶17.)[2] The SAC also appears to maintain the breach of contract claim under the UIM provision of the Baker policy. (*See id.* ¶¶ 2, 13, 17.)

---

[2] With respect to the breach of contract claim under her own policy, it is unclear whether she is seeking to recover $50,000 under one of the UIM coverages in her policy, or is seeking to "stack" the two UIM coverages and thereby recover $100,000 under her policy. As discussed below, Kentucky law permits an insured to "stack" multiple UM/UIM coverages, so long as the insured has paid separate premiums for those coverages. *Allstate Ins. Co. v. Dicke*, 962 S.W.2d 327 (Ky. 1993); *see also Hamilton v. Allstate Ins. Co.*, 789 S.W.2d 751 (Ky. 1990); *Chaffin v. Ky. Farm Bureau Ins. Cos.*, 789 S.W.2d 754 (Ky. 1990). The court need not resolve this issue in order to rule on the motion to amend.

5

Later in the day on January 7, 2011, after the court granted Fogarty's motion, Allstate filed a reply brief on its motion to dismiss, a motion to late file an opposition to the granting of leave for Fogarty to file a second amended complaint (along with its response in opposition to Fogarty's motion to amend), and a motion to reconsider the granting of leave to amend. Fogarty filed a reply on her motion to amend on January 28, 2011.

## **STANDARD OF REVIEW**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

When a plaintiff seeks to amend a complaint before trial, the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A court should deny a motion to amend "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks and citation omitted, emphasis in original); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

## **ANALYSIS**

This court granted the plaintiff's motion for leave to file a second amended complaint after the deadline for responding to the motion passed and the motion remained unopposed. Counsel for Allstate has moved for this court to reconsider its order granting leave to amend because counsel mistook the deadline for responding to the plaintiff's motion, thinking the deadline was January 13 although the actual deadline was January 3. (Def.'s Mot. for Reconsideration and to Late File Opposition, ECF No. 69 ("Mot. for Reconsideration") ¶2.) Defense counsel's mistake appears to have been the result of inadvertently mistranscribing the deadline into his personal calendar. (*See* Mot. for Reconsideration, Ex. 1.) Moreover, counsel promptly filed the defendant's motion for reconsideration, along with its reply brief on the motion to dismiss and its response in opposition to Fogarty's motion to amend. Accordingly, the court will grant the defendant's motion to late file its opposition and will consider the substance of that opposition.

Allstate argues that the court should deny Fogarty's motion for leave to amend her complaint for various reasons. The court will separately analyze the reasons that pertain to Fogarty's claims that Allstate breached (1) the Fogarty policy, (2) the Baker policy, and (3) its duty to exercise good faith.

I.      **Breach of the Fogarty policy**

In Fogarty's SAC, she has added a claim that she is entitled to recover under the UIM provisions of her own auto insurance policy with Allstate. Allstate offers five reasons why it believes Fogarty should not be permitted to file a second amended complaint claiming that Allstate breached the Fogarty policy. First, Allstate argues the court should deny Fogarty's motion because she "seeks to add a new and separate cause of action" based on her own policy with Allstate. (Def.'s Opp'n to Pl.'s Move for Leave to File Amended Compl., ECF No. 68 ("Def.'s Opp'n") ¶2.) Although Fogarty did not include the claim based on her own policy prior to the second amended complaint, Allstate has not shown that the claim has been brought in bad faith, is prejudicial to Allstate, or is futile. Allstate has been aware that Fogarty was seeking to recover under the UIM provision of her own policy since at least June 2003, when it filed an answer in the West Virginia action on behalf of the Fogarty policy. (*See* Def.'s Reply, Ex. G.) Further, the claim is not futile; Allstate has not identified any defense to Fogarty's UIM claim under her own policy. Indeed, it appears that under Kentucky law, unlike under Maryland law, the fact that Fogarty recovered $50,000 from the tortfeasor's insurer would not bar her from recovering under the UIM provision of her own policy. By statute, if a UIM insured's damages exceed the liability limits of a tortfeasor's policy, the insurer must "pay its own insured for such uncompensated damages . . . to the extent of the underinsurance policy limits on the vehicle of the party recovering." Ky. Rev. Stat. Ann. § 304.39-320. Under that statute, "UIM coverage is

8

triggered when the insured's damages exceed the tortfeasor's liability limits, at which point the insured is entitled, if damages require it, to receive the full amount of the UIM policy." *Philadelphia Indem. Ins. Co. v. Morris*, 990 S.W.2d 621, 627 (Ky. 1999).[3] By amending the statute in 1988, the Kentucky legislature rejected an earlier version of the statute under which UIM coverage was "setoff or reduced by the tortfeasor's liability limits." *Id.* Therefore, it appears that Fogarty may very well be entitled to recover under the UIM provision of her own policy with Allstate. Accordingly, to the extent Count I of her second amended complaint claims entitlement to UIM coverage under her own policy, it is not futile.

Second, Allstate argues that the Fogarty policy claim is futile because it is barred by the statute of limitations. (*See* Def's. Reply at 7.) As noted above, an amendment is futile if it would fail to withstand a motion to dismiss. *Perkins*, 55 F.3d at 917. Under Federal Rule 15(c), an amended complaint relates back to the date of the original complaint for statute-of-limitations purposes so long as the amended complaint "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Although the rule does not necessarily require proof that a defendant had notice of a claim within the limitations period, such notice is relevant to whether an amended claim satisfies Rule 15(c)(1)(B). *See Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004) ("In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party

---

[3] In a separate but related line of cases, Kentucky courts have also held that an insured may "stack" multiple UIM coverages. That is, when an insured is covered by UIM provisions in multiple insurance policies (or multiple provisions in the same policy) and has separately paid for those coverages, the insured may recover separately under each of those coverages, and any attempt by an insurer to contractually prohibit such "stacking" is void. *See Dicke*, 962 S.W.2d at 327; *Hamilton*, 789 S.W.2d at 751; *Chaffin*, 789 S.W.2d at 754. Those cases further demonstrate that her claim is not futile under Kentucky law. After all, it is difficult to see why Kentucky courts would permit insureds to stack their own UIM coverages but prohibit them from stacking their own UIM coverage on any recovery from a tortfeasor. In any event, *Morris*, 990 S.W.2d at 627, makes clear that under Kentucky law Fogarty's recovery from Nationwide would not be set off against her own UIM coverage with Allstate.

has had fair notice of the general fact situation and legal theory upon which the amending party proceeds."); 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1497 (3d ed. 2010) ("Although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading."). Fogarty's claim under her own policy arose out of the same car accident that has been the subject of litigation in West Virginia since 2003 and in this court since 2004, against the same defendant, Allstate. Although the Fogarty policy was executed in a different "transaction" than was the Baker policy, the "conduct, transaction, or occurrence" relevant here is the accident and the ensuing claims based on the insurance policies, not the execution of the policies themselves. Moreover, Allstate has been aware of the claim, as noted above, since at least 2003, when it retained counsel and filed an answer on behalf of the Fogarty policy in West Virginia. Therefore, the Fogarty policy claim would relate back to February 17, 2004, when Fogarty filed this action. Thus the claim would not be barred by the statute of limitations and Allstate has not shown that the amendment would be futile.

Third, Allstate argues that Fogarty's claim on her own policy should not be permitted because this court "has no connection" with the Fogarty policy, which was entered into in Kentucky, and because any "witnesses with regards to any breach of contract" will not be found in Maryland. (Def.'s Opp'n ¶4.) These facts are irrelevant to whether the amendment is futile, prejudicial or in bad faith. Courts frequently adjudicate matters involving contracts entered into in other states.

Fourth, Allstate argues that Fogarty should not be permitted to pursue the amended claims here because the court in West Virginia has retained jurisdiction over Fogarty's claims based on her own policy, and Fogarty has not requested "to have the West Virginia matter

10

transferred and consolidated in this Court." (Def.'s Opp'n ¶5.) The existence of a pending, concurrent proceeding in the West Virginia state court does not, however, divest this court of jurisdiction over the plaintiff's claim. Although Allstate does not expressly request that this court abstain, it seems to be arguing that the existence of the West Virginia action justifies *Colorado River* abstention. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (citation omitted). "Indeed, despite what may appear to result in a duplication of judicial resources, the rule is well recognized that the pendency of an action in the state system is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 206 (4th Cir. 2006) (alterations omitted). Accordingly, a federal court may abstain in deference to concurrent, parallel state-court proceedings only in "exceptional circumstances." *Colorado River*, 424 U.S. at 813. The existence of "exceptional circumstances" depends on six factors:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463-64 (4th Cir. 2005). Allstate has not made any showing that "exceptional circumstances" exist. Rather, it simply states that the West Virginia action is pending, and that Fogarty has not sought to have that action "transferred and consolidated" with this action. Moreover, the West Virginia court has explicitly stayed that action pending the resolution of Fogarty's action in this federal court. *Colorado River* abstention would be inappropriate.

Fifth, Allstate argues that if Fogarty is permitted to bring the claim based on her own policy, counsel currently representing Allstate in this action on the Baker policy could no longer represent Allstate. Although this may be true, any resulting prejudice to Allstate would be insufficient to defeat Fogarty's motion to amend. To the extent Allstate may incur additional costs from having to retain substitute counsel to defend itself on the Fogarty policy claim, those costs arise from having issued separate insurance contracts to Baker and Fogarty. Indeed, it seems that Allstate has benefited from the fact that the plaintiff, who during most of this litigation has proceeded pro se, did not recognize that her potentially more meritorious claim arose from her own policy, not the Baker policy. If Allstate had wished to resolve the Fogarty policy claim expeditiously, it had counsel representing it on both policies in the West Virginia action. Its counsel on the Fogarty policy could have urged the judge there to resolve Fogarty's claims on both policies. Instead, it asked the West Virginia court to stay the action pending the resolution of Fogarty's claims here. Its argument that its prejudice from having to hire substitute counsel on the Fogarty policy should bar this court from hearing Fogarty's claim on her own policy is disingenuous at best.

For these reasons, Allstate has not shown that Fogarty should be barred from amending her complaint to allege that Allstate breached its insurance contract with Fogarty. Thus to the extent Count I of the second amended complaint seeks recovery under the Fogarty policy, the claim will proceed to discovery.

## II. Breach of the Baker policy

In her second amended complaint, Fogarty seems to maintain her claim to UIM benefits under the Baker policy as well. The Baker policy is governed by Maryland law, and under Maryland law, a plaintiff may not recover UM/UIM coverage if he or she has recovered damages equal to or greater than the maximum UM/UIM coverage. *See* Md. Code Ann., Ins. § 19-509(g) (limiting UM/UIM liability to "the amount of that coverage less the amount paid to the insured, that exhausts any applicable liability insurance policies, bonds, and securities, on behalf of any person that may be held liable for the bodily injuries or death of the insured.")[4]; *Fireman's Fund Ins. Co. v. Bragg*, 548 A.2d 151, 154 (Md. Ct. Spec. App. 1988) (holding that where an "insured tort-feasor's liability insurance insurance equals the injured individual's uninsured motorist coverage, . . . the limiting provision of [Md. Code Ann., Ins. § 19-509(g)] prevent[s] his recovery under the uninsured motorist provisions of his own policy"). In other words, under Maryland law, UM/UIM coverage guarantees a minimum recovery in the event the insured is injured by an uninsured or underinsured motorist; it does not guarantee that the insured will recover the full amount of coverage on top of other damages recovered. Moreover, an insured may not "stack" UM/UIM coverages and thereby recover under multiple such coverages for injuries arising from the same accident. *See* Md. Code Ann., Ins. § 19-513(b) ("[A] person may not recover [uninsured motorist coverage] from more than one motor vehicle liability insurance policy or insurer on a duplicative or supplemental basis.")

The Baker policy limited UM/UIM coverage to $50,000, which is the same amount Fogarty recovered from Nationwide under Hughes's policy. Thus, as the West Virginia court

---

[4] *See also* Md. Code Ann., Ins. § 19-509(a), defining "uninsured motor vehicle" as a motor vehicle
    (1) the ownership, maintenance, or use of which has resulted in the bodily injury or death of an insured; and
    (2) for which the sum of the limits of liability under all valid and collectible liability insurance policies, bonds, and securities applicable to bodily injury or death:
        (i) is less than the amount of coverage provided under this section; or
        (ii) has been reduced by payment to other persons of claims arising from the same occurrence to an amount less than the amount of coverage provided under this section.

13

concluded, Fogarty is not entitled to recover UIM coverage under the Baker policy.

Accordingly, to the extent the second amended complaint seeks recovery under the Baker policy, such a claim would be futile, and Allstate's motion for reconsideration will be granted. Stated differently, Allstate's motion to dismiss the amended complaint, reconstrued as a partial motion to dismiss the second amended complaint, will be granted. To the extent Count I of the second amended complaint seeks recovery under the Baker policy, the claim will be dismissed.

## III.    Insurer bad faith

With regard to Fogarty's insurance bad faith claim, Allstate first argues that the claim is futile because Maryland did not recognize a cause of action for insurance bad faith until 2007, and, even if Fogarty were alleging that Allstate acted in bad faith after 2007, she has not exhausted administrative remedies through the Maryland Insurance Administration. (Def.'s Reply at 10-11.) Although Allstate is correct regarding Maryland law on bad faith, *see* Md. Code Ann., Cts. & Jud. Proc. § 3-1701 (effective October 1, 2007); Md. Code Ann., Ins. § 27-1001, it appears that under Maryland's choice of law rules, Kentucky law, not Maryland law, governs Fogarty's bad faith claim. Although the plaintiff has not cited, and the court has not found, a Maryland state court case addressing the issue, judges of this court have repeatedly held that under Maryland's choice of law rules, the law that governs a bad faith claim is the same law that governs the insurance contract from which the claim of bad faith arises. *See Cecilia Schwaber Trust Two v. Hartford Accident and Indem. Co*., 437 F. Supp. 2d 485, 488 (D. Md. 2006); *Lafarge Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 935 F. Supp. 675, 692 (D. Md. 1996) (noting that to apply different states' laws to claims for breach of an insurance contract and insurance bad faith based on the same contract "would be unnecessarily confusing and would subject [insurers] to potentially conflicting standards of conduct"); *Eastern Stainless*

*Corp. v. Am. Protection Ins. Co.*, 829 F. Supp. 797, 801 (D. Md. 1993). Here, it is apparently undisputed that Kentucky law governs the Fogarty policy. A cause of action for insurance bad faith has existed under Kentucky law since at least 1993. *See Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993); McGrath, V. Brandon & Blaine J. Edmonds III, *A Survey of Kentucky Insurance Law: A Look at the Bad Faith Cause Of Action*, 31 N. Ky. L. Rev. 139, 141 (2004). Therefore, Allstate has not shown that pursuing a claim for insurance bad faith will be futile on this basis.

Second, Allstate argues that the court should not permit Fogarty to raise her bad faith claim because she is seeking to add the claim "at least seven and a half (7 1/2) years after [she] alleged the breach of contract in her original suit in West Virginia." (Def.'s Opp'n ¶3.) Allstate's argument seems to be that because of the delay, Fogarty's claim is futile, either because of the statute of limitations or the doctrine of laches. The second amended complaint alleges that Allstate "fail[ed] to pay the insurance benefits set out in the applicable insurance policies," "failed to adequately consider the severity of Plaintiffs claims and injuries, and failed to investigate and evaluate Plaintiffs claims accordingly," and "preyed on Plaintiff s disability resulting from the accident covered by its policies, forcing Plaintiff to file suit." (SAC ¶¶17-18.) As noted above, an amendment is futile if it would fail to withstand motion to dismiss. *Perkins*, 55 F.3d at 917. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). When Fogarty's second amended complaint is construed in the light most favorable to her, it alleges acts of bad faith that have been ongoing from the time immediately following the accident through the present, given Allstate's continued refusal to pay Fogarty under the UIM provision of her policy. Thus the delay between the filing of the West

Virginia state court complaint and the second amended complaint does not render Fogarty's bad faith claim futile.

## CONCLUSION

For the foregoing reasons, the court will grant the defendant's motion to consider its late-filed opposition to granting the plaintiff leave to file a second amended complaint. Upon consideration of Allstate's position, to the extent Fogarty seeks recovery under the Baker policy, the motion for reconsideration will be granted; the motion to dismiss the amended complaint, reconstrued as a partial motion to dismiss the second amended complaint, will be granted; and the claim will be dismissed. To the extent Fogarty seeks recovery for breach of the Fogarty policy and insurance bad faith, however, the motion for reconsideration will be denied; the January 7, 2011 order granting the plaintiff leave to file an amended complaint will stand; and those two claims will proceed. A separate Order follows.


March 30, 2011                                /s/
Date                                          Catherine C. Blake
                                              United States District Judge